IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WAYLON MCDONALD, | § | |
| Petitioner, | § | |
| | § | 3:12-CV-4141-B |
| v. | § | 3:10-CR-0021-B(02) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I. Procedural Background**

Petitioner pled guilty to bank robbery and conspiracy to commit bank robbery. On October 13, 2010, the Court sentenced Petitioner to 262 months in prison. On June 27, 2011, the Fifth Circuit Court of Appeals affirmed Petitioner's conviction and sentence. On October 11, 2011, the Supreme Court denied certiorari.

On October 10, 2012, Petitioner filed the instant petition to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. He argues he received ineffective assistance of counsel when:

1.  Counsel failed to argued that the offense that was used to categorize him as a career offender under USSG § 4B1.1 was not a crime of violence;

    2.    Counsel failed to inform him that all criminal proceedings in Texas are "de-facto and based upon private commercial contract law" and that "Title 18 suggests that all crime/criminal cases are commercial and could have been discharged under House Joint Resolution 191 . . . ."

    3.    Counsel allowed Petitioner to enter a guilty plea for conduct that was not criminal because the money stolen by Petitioner was "federal reserve note (FRN) fiat currency – credit, with no value as declared by the US Bankruptcy."

On July 8, 2013, Petitioner filed a motion to supplement his petition. Petitioner adds the claim that his sentence is unlawful under the Supreme Court's decision in *Alleyne v. United States*, __ U.S. __, 133 S.Ct. 2151 (2013).

## II.  Factual Background

The following factual background is taken from the PSR and Factual Resume.

In his factual statement, Petitioner stipulated that he and co-conspirator Inequa Rushing robbed and conspired to rob a Comerica Bank branch in Dallas. Wearing a wig and sunglasses, Inequa Rushing entered the bank and presented a note to the teller demanding money. The teller handed Rushing $348 and a dye pack. With the money in hand, Rushing exited the bank and fled to a car driven by Petitioner. While the car was still in the parking lot, the dye pack exploded inside Rushing's purse. Petitioner threw the purse out the car window and drove to Rushing's house. After the police found Rushing's dye-stained purse in the bank parking lot, they identified Rushing's address from papers in the purse. Police went to Rushing's house and arrested Rushing and Petitioner.

### III. Discussion

**1.      Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

     **A.      Career Offender Status**

Petitioner claims his counsel was ineffective when counsel failed to object that the prior offense used to qualify Petitioner for career offender status under USSG § 4B1.1 was not a "crime of violence" under the sentencing guidelines.

The record shows defense counsel objected to the PSR's finding that Petitioner qualified for career offender status based on two felony convictions in Texas, one for robbery in 2003, and

one for evading arrest in 2005. (Def's Objs. at 8.) Defense counsel also filed a sentencing memorandum arguing that the Texas convictions were not crimes of violence. (Def. Sent. Mem. at 7-8.) At sentencing, defense counsel again argued that Petitioner's Texas convictions did not qualify as a crime of violence. (Sent. Tr. at 29-35.) The Court overruled the objections. (*Id*. at 35.) Petitioner's claim that his counsel failed to object to the career offender status is without merit.

### B. Public Law 73-10

Petitioner's second ineffective assistance of counsel claim states:

Trial Counsel fail (sic) to inform Petitioner and or object that all criminal proceeding in the Courts of THIS STATE are de-facto and based upon private commercial contract law proceedings between the plaintiff/prosecution and the defendant/respondents, that Title 18 suggests that all crime/criminal cases are commercial and could have been discharged under House Joint Resolution 192 of June 5, 1933 A.D. (Public Law 73-10).

Petitioner's claim is frivolous. In Public Law 73-10, 48 Stat. 112, 113 (1933), Congress suspended the gold standard. This statute has no applicability to Petitioner's conviction. His claim should be denied.

### C. Currency Claim

Petitioner argues his counsel was ineffective because:

Trial Counsel allowed Petitioner to enter a plea of guilt for conduct that was not criminal, that is, packet of money $348.00 US Dollars were federal reserve note (FRN) fiat currency – credit, with no value as declare by the US Bankrupcy (sic).

In this claim Petitioner appears to argue that the money he stole from the bank had no value. This claim is frivolous and should be denied.

### 2. *Alleyne v. United States*

Petitioner argues his sentence is unlawful under the Supreme Court's decision in *Alleyne*

*v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013). In *Alleyne*, the Court found that "[f]acts that increase the mandatory minimum sentence are [ ] elements and must be submitted to the jury and found beyond a reasonable doubt." *Id*. at 2158. The Supreme Court, however, has not stated that *Alleyne* is retroactively applicable on collateral review. Additionally, Petitioner was not subject to a mandatory minimum sentence in this case. Petitioner's claim should be denied.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 5th day of September, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).